Green, J.
delivered the opinion of the court.
The defendant in error prosecuted an action of covenant against Samuel Griffith, administrator of John Griffith, and recovered a judgment. Samuel Griffith then died, leaving a will wherein the plaintiffs in error were appointed executor and executrix, and they have qualified as such. The defendant in error then brought this action of debt upon said judgment, suggesting a devastavit of the estate of John Griffith, by his administrator, Samuel Griffith, the testator of the present defendants. Several questions arise upon the pleadings, and have been debated at the bar, which it is unnecessary now to notice.
*437 The plaintiffs in error insist that there is error in the j.udgment against them, because this action is for a tort committed their testator, for which no action will lie against them. It is a principle of the common law that where an action arises ex delicto, and the declaration imputes a tori done, either to the person or property of another, and the person by whom the injury was committed, dies, no action for such injury can be brought against his executor or administrator. 2 Williams on Executors, 1063-4: 1 Saund. 216, anote (1.)
“So,” says the author above referred to, “at the common law, if a man was appointed an executor, and committed a devastavit and died, the executor of such executor was not liable for the devastavit, upon the principle that it was a personal tort in his testator, which died with the person.” 2 Williams on Ex. 1064: 3 Leon. 241. This defect of the common law was remedied by the statutes, 30 Char. II. c 7, and 4 and 5 W. and M. c 24, § 12, so that since these statutes, if a judgment be recovered against an executor, who af-terwards dies, an action may now be brought against his executor or administrator suggesting a devastavit by the first executor. Statutes at large, 3 volume, 632. But these statutes are not in force in this State, there being no evidence that they were ever in force and use in North Carolina. The common law principle above stated tóust be considered as existing in full vigor, unless it has been changed by some statute of our own. This we think has not been done. Our statutes regulating the duties and liabilities of executors and administrators, do not affect this question. It is insisted, that ■ because our statutes require the executor to give bond for the faithful performance of his duties, which he thus by contract undertakes to do, that his non-performance is a breach of bis contract, for which this action will lie. It is true, his bond • is a contract upon which an action will lie against his executors for a breach of any of its conditions. But this does not alter the nature of a devastavit, and convert it from a tort into a contract. This suit is not upon the bond, but for the wrong done in wasting the estate of John Griffith.
It is true that Samuel Griffith was fixed with assets by the. judgment against him, but it did not necessarily follow that he *438 had committed a devastavit, or could be made personally liable. If an administrator pleads a plea that admits assets, and it be found against him, the judgment is to be levied of the goods of the intestate, 6tc. and is conclusive to show that he has assets to satisfy it.
If no goods can be found which were of the intestate, or not enough to satisfy the judgment, an action of debt may be brought upon the judgment suggesting a devastavit, and a judgment rendered against the administrator de bonisproprius. But the administrator may defend himself in such suit, (if the fact be so,) by proving that there were goods of the intestate which might have been taken in execution. 2 Williams on Ex. 1225.
It follows from these principles that the judgment against Samuel Griffith did not become his "debt, or necessarily create a personal liability. He could only have been made liable in an action against himself, had he lived, by proving that he had wasted the goods of his intestate. Hence the devas-tavit charged in the declaration is the gist of the action, and being a tort, it will not lie against his executors.
It may be that there were goods of John Griffith remaining in specie at the time of Samuel Griffith’s death amply sufficient to satisfy this judgment. If so, such goods would rightfully go into the hands of the administrator de bonis non of John Griffith, and while this action seeks to charge the estate of Samuel Griffith, there may be goods enough which are primarily liable to satisfy the judgment.
The judgment of the court below is therefore erroneous, ?nd must be reversed,
Judgment reversed.